[S. F. No. 769.     Department One.—October 8, 1898.]

ISAAC ANDERSON, Respondent, v. J. D. BYRNES et al., Appellants.

MINING CORPORATIONS—LIABILITY OF DIRECTORS TO STOCKHOLDER—ACT OF 1880—PENAL STATUTE.—The act of April 23, 1880, authorizing a stockholder of a domestic mining corporation to recover from its directors one thousand dollars as liquidated damages for their failure to comply with its provisions, is a penal statute, which prescribes a determinate penalty for neglect of the duty imposed by law upon the directors; and compensation for the actual damage done to the stockholder was not intended to be given by that act.

ID.—AMENDMENT OF 1897—INDEPENDENT PROVISION—ACTUAL DAMAGE—LOSS OF PENALTY.—The amendatory act of 1897, regardless of any question as to the constitutionality of the provision limiting the scope and effect of the act to mining corporations "whose stock is listed and offered for sale at public exchange," is operative as to the independent provision limiting the liability of the directors to the stockholder to the actual damage sustained by him from their neglect of imposed duty, and has so entirely changed the remedy of the stockholder as to preclude the enforcement of any penalty for a previous violation of the original act.

ID.—VESTED RIGHT—REPEAL OF PENALTY SUED FOR.—No person has a vested right to an unenforced penalty; and the repeal of the statute giving a right to recover a penalty, before it is enforced, destroys the right, and prevents any further    prosecution of litigation pending for its enforcement.

ID.—UNENFORCED JUDGMENT—CHANGE OF LAW—PENDING APPEAL—REVERSAL.—An unenforced judgment in favor of a stockholder for the recovery of the penalty of one thousand dollars from the directors of a mining corporation, under the act of 1880, from which an appeal was pending at the time of the passage of the amendatory act of 1897, must be reversed, by reason of the destruction of the right to enforce the penalty.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   D. J. Murphy, Judge.

The facts are stated in the opinion of the court.

E. L. Campbell, and J. S. Spilman, for Appellants.

The repeal of the law giving a right to a penalty pending an appeal from a judgment enforcing it requires the reversal of the judgment and the dismissal of the prosecution.   (Sutherland on Statutory Construction, 166; *Lewis v. Foster,* 1 N. H. 61; *Speckert v. Louisville,* 78 Ky. 287; *Denver etc. Ry. Co. v. Crawford,* 11 Colo. 598; *Union Pac. Ry. Co. v. Proctor,* 12 Colo. 194; *Western Union Tel. Co. v. Smith,* 96 Ga. 569; *Spears v. County of Modoc,* 101 Cal. 303; *First Nat. Bank v. Henderson,* 101 Cal. 307.)   Section 3 of the amendment is independent of section 1, and is operative to change the stockholder's remedy. (*County of Orange v. Harris,* 97 Cal. 600.)

C. M. Jennings, for Respondent.

The provisions of the amendatory statute of 1897 are unconstitutional, as changing the subject without changing the title of the original act.   (Const., art. IV, sec. 24; *People v. Parvin,* 74 Cal. 552, 553.)   The provisions of the amendment are not independent, and must all fall together.   (*Marsh v. Board of Supervisors,* 111 Cal. 368, 372.)   The unconstitutional amendment cannot effect a repeal of the original act.   (*Taylor v. McGonigle,* 120 Cal. 124, 128; *Alexander v. State,* 9 Ind. 337; *Ex parte Davis,* 21 Fed. Rep. 396; Endlich on Interpretation of Statutes, sec. 195.)

GAROUTTE, J.—In plaintiff's original brief he says: "This is an action *qui tam* by a stockholder (a common informer) to recover the statutory penalty from the directors of a domestic mining corporation for failure to make or post monthly balance sheets, et cetera, required by act approved April 23, 1880."   By that statute it is declared that a stockholder may recover the sum of one thousand dollars as liquidated damages from the directors of mining corporations for failure upon their part to comply with certain of its provisions.   Subsequent to the filing of plaintiff's original brief, and while the appeal from the judg-

ment in his favor was pending in this court, the legislature amended the act under which this litigation was inaugurated. This amendment was most important and substantial—so important and substantial it may be said that, so far as this plaintiff's rights are concerned, the act was repealed. Plaintiff, by supplemental argument, now claims that the act is not penal in character, that the one thousand dollars recovered by him as liquidated damages is not a penalty, and that, therefore, under the judgment recovered, he has vested rights, which a repeal of the statute cannot affect. That it is necessary to his ultimate success in the litigation in this court that his later position as to the law be correct, is clearly apparent. For, if this act of the legislature is essentially penal, if the one thousand dollars which he has recovered as a stockholder from the directors is a penalty and not damages, he has no case. This is eminently true, for the penalty had not yet been enforced, and, as has been said by judges of other courts, "no person has a vested right in an unenforced penalty." Therefore, a repeal of the statute before the penalty is enforced is not a deprivation of any vested right. It follows that the amendment to the statute here under consideration absolutely prevents any further prosecution of this litigation, if the statute is penal in character, and the amount recovered in the lower court is in all essentials a penalty.

Is the statute of penal character? This question seems to be easy of solution. The statute in this particular regard has not been directly before the court as a controverted question. At the same time, ever since it was enacted it has proven a prolific source of litigation, and has been viewed, weighed, measured, and tested by this court many times; and it may be said there is no case in our reports where the act has been before us, from the first to the last, from *Loveland v. Garner*, 71 Cal 541, to *Miles v. Woodward*, 115 Cal. 310, but what in some way and to some degree refers to this act of the legislature as penal, and the amount recovered as a penalty. In the earlier case it is said: "It will be perceived that this act is in its nature penal, and does not specifically declare that for each failure to comply with its requirements a penalty may be recovered. Nor does it declare that each refusal or neglect of that kind shall render the directors liable for a penalty." In the later case it is said:

"The law is designed to protect stockholders of domestic corporations, and to that end has declared that the directors of those corporations, the conduct of whose internal affairs is subject to the control of the legislature, shall do specific acts under a prescribed penalty for their failure and refusal." In other jurisdictions acts of the same general kind are declared penal, and the amounts to be recovered, for failure to comply with their provisions, penalties. In one of these cases it is said: "This statute is in its nature penal. It prescribes a determinate penalty for neglect of a duty imposed by law upon the trustees of companies organized under our general incorporation act. The amount of the forfeiture is measured by the aggregate debt contracted by the company. The liability is not founded upon contract, but arises from misconduct in office. As the trustees who make default in publishing the report are wrongdoers, if the penalty or any part thereof should be recovered from any one of them, he could not, without a special statute, compel the others to contribute." (*Gregory v. German Bank of Denver*, 3 Colo. 332; 25 Am. Rep. 760.) Under another statute of the same general tenor, the Colorado court said: "The matter repealed was the right to recover twice the full value of the animal killed, upon failure of the company to file the notice required, and the statute giving such right was in its nature penal. . . . . Appellee has not such a vested right under the judgment recovered by him that he cannot be divested of it by a repeal of the statute upon which the recovery is based." (*Denver etc. Ry. Co. v. Crawford*, 11 Colo. 600.) In the consideration of an act of the state legislature of New York, in no essential principle different from the act here involved, it is said by the supreme court of that state: "With this decision before us, which we do not feel at liberty to overrule, this cause of action must be regarded as an action upon a statute for a penalty or forfeiture." (*Wiles v. Suydam*, 64 N. Y. 177.) And in this case it may well be said there can be no question but that the statute of limitations would run as against a penalty or forfeiture.

The power of the legislature to fix an arbitrary amount as damages for the violation of duty upon the part of the directors of a corporation is not apparent. Here the stockholder, having but a single share of stock, may bring suit and recover the same

amount by judgment as a stockholder holding a thousand shares of stock. It is thus apparent that compensation for the actual damage done to the stockholder was not intended to be given by the act. Indeed, conditions might arise where a dereliction of duty upon the part of the directors in not complying with the requirements of this law in posting notices, et cetera, would be pecuniarily beneficial to the stockholder; yet such benefits would not bar a right of recovery, and could not be set up as a defense to an action brought by a stockholder, based upon a violation of the statute. As testing the penal character of the act, we see no difference in principle if it had provided that the directors should be guilty of a misdemeanor and punished accordingly for a violation of its provisions, rather than providing, as it does, for the mulcting of the directors in damages in the arbitrary amount of one thousand dollars, at the suit of any stockholder of the corporation. As to the language used in *Ball v. Tolman,* 119 Cal. 358, it is sufficient to say that the question here under consideration was not then in the mind of the court.

The act of 1897 purports to amend the earlier act in two important particulars: 1. It amends section 1 by limiting the scope and effect of the act to mining corporations "whose stock is listed and offered for sale at public exchange"; 2. It amends section 3 by limiting the liability of directors of the corporations, for failure to do the things commanded by the act, to the actual damage sustained by the stockholder by reason of such failure, and costs of suit. It is now contended by plaintiff that the amendatory act is unconstitutional in this, that it does not apply to all mining corporations, and therefore is not uniform in operation. The exigencies of the present case do not require the court to pass upon this question of constitutional law. Conceding, for present purposes alone, the contention of plaintiff to be sound, still section 3, as amended, entirely changes the remedy of the stockholder, and therefore necessarily deprived this plaintiff of the remedy afforded him under the old act, and which he has sought to enforce. In answer to this contention plaintiff insists that the amendment changing the remedy is dependent upon the amendment limiting the scope and effect of the act to a certain class of mining corporations, and that amendment, falling to the ground by reason of its unconstitutionality,

necessarily carries with it the second amendment to the act. But we see no dependency between these sections causing such a result. We see nothing in the act indicating in any way that the legislature would not have changed the remedy unless that body had first limited the effect of the act to mining corporations whose stock is listed and offered for sale at public exchange, and that is the test when a question of this character is presented to the court for decision. A very similar question upon principle to the one here considered is discussed at length by this court in *Robinson v. Southern Pac. Co.*, 105 Cal. 544. And, tested by the law there declared, the amendment to this act relating to the remedy of the stockholder is valid and constitutional legislation, even if it be conceded that the prior amendment pertaining to the character of mining corporations affected by the act is invalid and unconstitutional.

For the foregoing reasons the judgment is reversed, and the cause remanded.

Harrison, J., and Van Fleet, J., concurred.

Hearing in Bank denied.