[S. F. No. 1291.    Department One.—February 21, 1900.]

R. JOHNSON, Appellant, v. PETER TAUTPHAUS et al., Respondents.

MINING CORPORATIONS—ACT FOR PROTECTION OF STOCKHOLDERS—CHANGE OF PENALTY—INDEPENDENT PROVISION—CONSTITUTIONAL LAW.—The change of penalty by the amendment of 1897 to the act of 1874, for the protection of stockholders of mining corporations, so as to limit the recovery for the failure of the directors to post monthly accounts, and weekly statements of superintendents, to the actual damage alleged and proved, is a valid and independent provision, not affected by the question whether the amendment of 1897 is in part unconstitutional, either because it includes foreign corporations not embraced in the title, or because it makes an arbitrary classification of corporations whose stock is listed and offered for sale at public exchange.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. C. B. Hebbard, Judge.

The action was brought in November, 1897, by a stockholder of the Eclipse Gravel Mining Company, to recover the sum of one thousand dollars, as provided in the act of 1874 for the protection of the stockholders of mining companies, for alleged breaches of that act, charged to have occurred in the months of June, July, August, September and October of that year.    A demurrer to the complaint was sustained, and judgment was

entered for the defendants, from which the plaintiff appealed. Further facts are stated in the opinion of the court.

John W. Cathcart, for Appellant.

Daniel Titus, for Respondents.

GAROUTTE, J.—This is an action brought against the directors of a mining corporation to recover a penalty for failure to post monthly accounts and weekly statements of the superintendent of the company, in accordance with the requirements of an act of the legislature approved March 30, 1874, and the amendment thereto. (Stats. 1897, p. 38.) The amendment to the original act, which was passed in 1897, is now attacked by appellant as unconstitutional.

It is first claimed that this amendment to the act is unconstitutional by reason of the fact that it attempts to deal with foreign corporations when the title of the act only purports to cover corporations "formed under the laws of the state of California." For present purposes, at least, this contention may be conceded to be meritorious. Still, such concession in no way affects this litigation. The result would simply be that foreign corporations would not come within the purview of the act.

The amendment only deals with those domestic mining corporations whose stock is listed and offered for sale at public exchange. It is now claimed that this is special legislation, because it does not include all domestic mining corporations, and that the classification of corporations made by the amendment is arbitrary and not based upon any well-defined natural and intrinsic distinction. This identical question was presented to the court in *Anderson v. Byrnes*, 122 Cal. 272, and the conclusion there declared disposes entirely of plaintiff's contention here. In that case it is said: "The exigencies of the present case do not require the court to pass upon this question of constitutional law. Conceding, for present purposes alone, the contention of plaintiff to be sound, still section 3, as amended, entirely changes the remedy of the stockholder, and therefore necessarily deprived this plaintiff of the remedy offered him under the old act, and which he has sought to enforce. In an-

swer to this contention, plaintiff insists that the amendment changing the remedy is dependent upon the amendment limiting the scope and effect of the act to a certain class of mining corporations, and that amendment, falling to the ground by reason of its unconstitutionality, necessarily carries with it the second amendment to the act. But we see no dependency between these sections causing such a result. We see nothing in the act indicating that the legislature would not have changed the remedy unless that body had first limited the effect of the act to mining corporations whose stock is listed and offered for sale at public exchange; and that is the test when a question of this character is presented to the court for decision."

As the act stood prior to the amendment of 1897, a penalty of one thousand dollars was assessed against the directors failing to comply with its demands. By the amendment a judgment may only be rendered against the directors for the actual damages sustained. By this same amendment foreign mining corporations were brought within the provisions of the act, and certain domestic mining corporations taken out of its provisions. No possible substantial reason can be imagined why this change in the kind of corporations affected by the act furnished the motive in the mind of the legislature which resulted in the penalty clause being stricken out and the actual damage clause inserted. There is no such relationship or dependency existing between these two sections as amended which demands that, if the first must fall by reason of its unconstitutionality, then the second must likewise fall with it. It is clear that the second amendment may stand, though the first may fall.

For the foregoing reasons the judgment is affirmed.

Van Dyke, J., and Harrison, J., concurred.