[S. F. No. 1963.   Department Two.—January 18, 1902.]

FREDERICK BALL, Respondent, v. GEORGE B. TOLMAN et al., Appellants.

MINING CORPORATIONS—PENALTY AGAINST DIRECTORS—REPEAL—VOID JUDGMENT AND PROCEEDINGS—MOTION FOR NEW TRIAL—DISMISSAL. —The repeal of the penal provisions of the act of April 23, 1880, against directors of mining corporations at suit of any stockholder, before the judgment in an action to enforce the penalty became final, and pending a motion for a new trial of the cause, had the effect to avoid the judgment and all proceedings thereunder; the motion for new trial should have been granted, and the action dismissed.

ID.—APPEAL—VOID AFFIRMANCE—VACATION OF JUDGMENT.—An order denying the new trial, in such case, should have been reversed upon

appeal, with the same effect. This court had no power to affirm the judgment and order denying a new trial. All proceedings to enforce the affirmed judgment by execution and sale thereunder were void, and the void judgment should be vacated.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion.

Moses G. Cobb, and E. L. Campbell, for Appellants.

The repeal of the penal statute had the effect to annul the judgment, and all proceedings for its enforcement were void. (*Anderson* v. *Byrnes,* 122 Cal. 272; *First National Bank* v. *Henderson,* 101 Cal. 309; *Hills* v. *Sherwood,* 33 Cal. 475; *Gillmore* v. *American etc. Co.* 65 Cal. 63; *Pennie* v. *Reis,* 80 Cal. 266; *McMinn* v. *Bliss,* 31 Cal. 122; *Lamb* v. *Schottler,* 54 Cal. 319; *Thorne* v. *San Francisco,* 4 Cal. 165; *Keller* v. *State,* 12 Md. 322;[1] *Breitung* v. *Lindauer,* 37 Mich. 217; *Union Iron Co.* v. *Pierce,* 4 Biss. 327.) The affirmance of a void judgment on appeal imparts no validity to it, by reason of the nullity of the judgment appealed from. (*Pioneer Land Co.* v. *Maddux,* 109 Cal. 633;[2] *Chambers* v. *Hodges,* 23 Tex. 104; *Wilson* v. *Montgomery,* 14 Smedes & M. 205.) The court has power to vacate the avoided judgment or to grant a perpetual stay of execution thereon. (*Imlay* v. *Carpentier,* 14 Cal. 173; *People* v. *Greene,* 74 Cal. 400;[3] *People* v. *Pearson,* 76 Cal. 400; *People* v. *Harrison,* 84 Cal. 607; *Reinhart* v. *Lugo,* 86 Cal. 395;[4] *Pioneer Land Co.* v. *Maddux,* 109 Cal. 633.[5])

John M. Lewis, I. F. Chapman, and Aylett R. Cotton, for Respondent.

The judgment of the appellate court affirming the judgment necessarily involved the construction of the act and the affirmed judgment should be enforced as *res adjudicata.* (*Crew* v. *Pratt,* 119 Cal. 139-149.) A statute imposing a penalty for an injurious act done to the rights of another, in the nature of a satisfaction to him, as well as punishment to

[1] 71 Am. Dec. 596.      [3] 5 Am. St. Rep. 448, and note.
[2] 50 Am. St. Rep. 67.      [4] 21 Am. St. Rep. 52, and note.

the offender, creates in him a vested right to the penalty when the act is committed, and a general repeal of the statute does not affect that right. (Sutherland on Statutory Construction, sec. 166; Black on Interpretation of Laws, 298; *Eastman* v. *County of Clackamas,* 32 Fed. Rep. 30; *Couch* v. *Jeffries,* 4 Burr. 2460; *Palmer* v. *Conly,* 4 Denio, 374, 376.) So far as the stockholder is concerned, the action is remedial. (*Eyre* v. *Harmon,* 92 Cal. 580; *Shanklin* v. *Gray,* 111 Cal. 88, 92, 93; *Ball* v. *Tolman,* 119 Cal. 358.) The decision in *Anderson* v. *Byrnes,* 122 Cal. 272, merely overrules *Ball* v. *Tolman,* 119 Cal. 358, and the prior decisions; but that cannot affect the conclusiveness of *Ball* v. *Tolman,* 119 Cal. 358, as *res adjudicata,* in that case itself. The court had the power to construe the statute either way, and ''jurisdiction does not depend upon the rightfulness of the decision made.'' (*Sherer* v. *Superior Court,* 96 Cal. 653; *Central Pac. R. R. Co.* v. *Placer County,* 43 Cal. 365; *Hallock* v. *Dominy,* 69 N. Y. 238.)

CHIPMAN, C.—Appeal from an order made after the judgment in the superior court had been affirmed by this court on appeal.

The action was to recover a penalty for a violation of the provisions of the act of April 23, 1880, entitled ''An act amendatory of an act entitled an act for the better protection of stockholders in corporations,'' etc., approved March 30, 1874. (Stats. 1880, p. 134.) The judgment for plaintiff was entered in the trial court on January 9, 1897. Pending motion for a new trial, the penal provisions of the act of 1880 were repealed by act of February 26, 1897. (Stats. 1897, p. 39.) The motion was denied on April 12, 1897, and the appeal was duly perfected, heard, and determined, and on December 18, 1897, this court affirmed the judgment and order (*Ball* v. *Tolman,* 119 Cal. 358), and *remittitur* went down January 18, 1898. On January 27, 1898, defendants made application to the trial court for an order perpetually staying all proceedings on said judgment. Neither defendants nor their attorneys had actual knowledge of the passage of said repealing act until attention was called to it in the opinion rendered in this court on appeal, December 18, 1897. The trial court denied defendants' said motion for stay of proceedings on March 28, 1898, on the ground that this court had decided that the

repealing act came too late to have any effect on said judgment, even if the acts on which the action was based were penal in their nature, and also that this court had determined that said acts were not penal in their character. On April 25, 1898, execution was levied in said action by the sheriff of Alameda County on real property of one of the defendants, situated in that county, in satisfaction of said judgment, and said lands were sold to one of plaintiff's attorneys on July 30, 1898, for the amount of the judgment, interest, and costs, of which return was duly made by said sheriff. Since the said execution sale—to wit, on October 8, 1898—this court has decided in the case of *Anderson* v. *Byrnes,* 122 Cal. 272, that the acts of 1874 and 1880 aforesaid were penal in their nature, and that the repealing act of February 26, 1897, was not too late, but had the effect to avoid the judgment in that case. On December 20, 1898, defendants served and filed an affidavit in the superior court of the city and county of San Francisco where said action was tried, setting forth the foregoing uncontradicted facts, and moved the court "to set aside the said sheriff's sale, . . . and thereupon order a perpetual stay of all proceedings on said judgment; or thereupon order said judgment to be vacated, and all proceedings in the action perpetually stayed; or thereupon to grant such other order in the premises as the case may demand." The court denied the motion.

In the former appeal the repealing act was not cited, and the point as to its effect on the judgment was not raised. Incidentally, this act was referred to in the opinion, but, as was said in the subsequent case of *Anderson* v. *Byrnes,* 122 Cal. 272, "the question here under consideration was not then in the mind of the court." In this latter case it was distinctly held that the act of 1880 was essentially penal in its nature, as much so as "if it had provided that the directors should be guilty of a misdemeanor and punished accordingly for a violation of its provisions, rather than providing, as it does, for the mulcting of the directors in damages in the arbitrary amount of one thousand dollars, at the suit of any stockholder of the corporation."

It was also held that "no person has a vested right in an unenforced penalty"; and it was further said, "The amendment of the statute here under consideration absolutely pre-

vents any further prosecution of this litigation." In that case, as in this, the judgment of the lower court was entered before the repealing act was passed, and was still pending on appeal. Doubtless if the point decided in *Anderson* v. *Byrnes,* 122 Cal. 272, had been raised here on the first appeal of the present case, the result would have been the same as in *Anderson* v. *Byrnes.* But it was not suggested in the briefs nor in the petition for a hearing in bank.

Respondent contends that this court had jurisdiction to determine that the judgment of the superior court was valid; that the appeal necessarily involved a construction of the act of 1880, after the repealing act was passed, and, therefore, this court had power to affirm the judgment, and it was valid notwithstanding the repealing act. Mr. Sutherland, in his Statutory Construction (sec. 166), states that the effect of the repeal of a penal statute is to prevent any prosecution, trial, or judgment for any offense committed against it while it was in force, unless there is a saving clause in the repealing act, and that if a penal statute is repealed pending an appeal, and before the final action of the appellate court, it will prevent an affirmance of a conviction, and the prosecution must be dismissed or the judgment reversed. Numerous cases are cited in support of the text. The same section of this author is cited by respondent, as stating that a final judgment before the repeal is not affected by it. But the judgment of the lower court in the present case was not such final judgment as is referred to above; motion for a new trial was made soon after its entry, and was heard and denied, and an appeal from the order and judgment was taken, and these proceedings occurred after the repealing act was passed. (See, also, Freeman on Judgments, sec. 21.) It is altogether probable that if this act had been called to the attention of the trial court on the hearing of the motion, and its effect pointed out as held by appellate courts and law-writers, the motion would have been granted and the action on motion would have been dismissed. In *First National Bank* v. *Henderson,* 101 Cal. 307, it was said that the repeal "deprives the appellate court of power to render a judgment by which the penalty may be enforced." (See, also, *Anderson* v. *Byrnes,* 122 Cal. 272.) After the repeal of the penalty inflicted by the act of 1880 no further proceedings could be taken to enforce the judgment; execution could not

issue, and the sale under it was without authority. (Freeman on Void Judicial Sales, sec. 2; Freeman on Execution, sec. 16, note 2.)

Conceding, without deciding, that the rule would be otherwise had the case gone to final judgment—i. e. had been affirmed by the court and *remittitur* had gone down—before the repealing statute was passed, it is quite clear that this court had no power to affirm the judgment, and its act was void, and all proceedings subsequently in its enforcement were without authority. It was held in *Pioneer Land Co.* v. *Maddux,* 109 Cal. 633,[1] that the affirmance of a void judgment upon appeal imparts no validity to the judgment, but is itself void by reason of the nullity of the judgment appealed from. It is true, as respondent suggests, that in that case there was no service of summons, but the principle decided was that there was no jurisdiction in the trial court to render the judgment, and that being so, its affirmance here could not impart validity to it. So in the present case, when the statute on which the action was based was repealed, there was no jurisdiction in the lower court to further proceed in the case, and its order denying a new trial was not merely erroneous, but it was an assertion of jurisdiction over the case which no longer existed. It, in effect, kept the judgment alive after the statute was repealed by which alone it could have any validity.

It does not follow that jurisdiction once acquired always remains. A court or judge may have authority at one time to proceed, and his authority may afterwards be divested by statute. "In all cases where a court is rendered incompetent to proceed, its proceedings during such incompetency are as invalid as though it had never possessed jurisdiction" (Freeman on Void Sales, sec. 7; Freeman on Judgments, sec. 121); and this incompetency may arise from being deprived of jurisdiction of the subject-matter as well as of the person.

The lower court ought to have granted the motion for a new trial, which would have set aside the judgment, and a motion then to dismiss the action would have been in order, and the court should have granted it if made. On the appeal the order should have been reversed, which would have left the case in the same condition as above. As all the proceedings subsequent to the repeal of the statute were without authority, execution

---

[1] 50 Am. St. Rep. 67.

was without authority, and all proceedings under it were void, (Freeman on Judgments, sec. 117), and the court may now vacate the judgment (*People* v. *Greene*, 74 Cal. 400[1]), and, we think, should have done so.

It is advised that the order be reversed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order is reversed.        Henshaw, J., Temple J., McFarland, J.