CONTINENTAL OIL CO., APPELLANT, v. MONTANA CON-
CRETE CO., RESPONDENT.

(No. 5,043.)

(Submitted April 14, 1922.   Decided May 1, 1922.)

[207 Pac. 116.]

*Corporations — Directors — Personal Liability — Statutes and
Statutory Construction—Repeal—Effect.*

Corporations—Directors—Illegal Incurring of Debts—Personal Liability
—Penal Statute.
  1.  *Held*, that section 3837, Revised Codes of 1907, making the direc-
  tors of a corporation individually liable to the corporation and its
  creditors, in the event of its dissolution, to the full amount of debts
  contracted by them in excess of its subscribed capital stock, was
  penal in character and that their liability was not created by
  contract.

Statutory Construction—Statutes Borrowed from Other States—Rule.
  2.  Where a statute was borrowed from another state after its char-
  acter had been determined by the highest court of that state, the
  presumption must be indulged that the legislative assembly adopted
  it with the construction thus placed thereon.

Same—Statute Amended "to Read as Follows"—Effect.
  3.  Where an existing statute is amended "to read as follows," *etc.*,
  the legislative assembly evinces an intention to make the new Act
  a substitute for the old one and that so much only of the original
  Act as is repeated in the new one is continued in force, and all
  portions omitted from the new Act are repealed.

Statutes—Repeal Takes Away Remedies Thereunder, When.
  4.  The repeal of a statute without any saving clause takes away all
  the remedies existing under the repealed Act and defeats all actions
  pending under it at the time of its repeal, and particularly so
  where the repeal is of a statute which creates a cause of action and
  provides a remedy not known to the common law.

Corporations—Directors—Personal Liability for Debts of Corporation—
Repeal of Statute—Effect.
  5.  *Held*, under the above rules (3 and 4), in an action for the
  appointment of a receiver for a corporation by a creditor for the
  purpose of enabling the latter to prosecute an action against its
  directors to recover on their personal liability imposed upon them
  by section 3837, Revised Codes of 1907, for incurring debts in ex-
  cess of the subscribed capital stock of the corporation, that the
  effect of Chapter 37, Laws of 1919 (sec. 5939, Rev. Codes 1921),
  amending section 3837, was to repeal that portion of the section
  imposing personal liability upon the directors, and, in the absence of
  a saving clause in the amendatory Act, to take away the right of
  action against the directors.

  2.  Construction of statute adopted from another state, see notes in
1 Ann. Cas. 147; Ann. Cas. 1917B, 651, 660.

Same—Repealing Act Taking Away Right of Action Against Directors
—Constitution.
6.    The liability of directors under section 3837 above, not being
founded in contract and there being no vested interest in an
unenforced penalty, Chapter 37, Laws of 1919, taking away the right
of action against the directors of a corporation for incurring debts
in excess of its subscribed capital stock, *held* not invalid as impair-
ing the obligation of contract or interfering with vested rights.

Same—"Retrospective"—"Retroactive" Laws—Constitution.
7.    Chapter 37, Laws of 1919 (sec. 5939, Rev. Codes 1921), in
relieving directors of a corporation of the penalty imposed by sec-
tion 3837, Revised Codes of 1907, *held* not objectionable as in con-
travention of section 13, Article XV, of the Constitution, prohibiting
the passing of laws for the benefit of a corporation or an individual,
retrospective in its operation, or violative of section 3, Revised Codes
of 1907, providing that no law is retroactive unless expressly so
declared.

Statutory Construction—"Retrospective" and "Retroactive" Laws.
8.    The terms "retrospective" and "retroactive," as applied to laws,
are used interchangeably and are synonymous.

Statutes—Repeal—Rights of Action—What is not General Saving Clause.
9.    Sections 8 and 17, Revised Codes of 1907, providing that no
action or proceeding commenced before the Codes take effect and no
right accrued is affected by its provisions, and that the repeal or
abrogation of certain laws does not affect any right already existing
or accrued or any action or proceeding already taken, *etc., held* to be
emergency measures intended to prevent the abatement of pending
proceedings and the loss of existing rights consequent upon the adop-
tion of the Codes, and not in any sense to constitute a saving clause
applicable to statutes generally.

*Appeal from District Court, Silver Bow County; Wm. E.
Carroll, Judge.*

Action by the Continental Oil Company, a corporation,
against the Montana Concrete Company, a corporation. From
an order denying plaintiff's application for the appointment of
a receiver for the defendant, the plaintiff appeals. Affirmed.

*Messrs. Nolan & Donovan,* for Appellant, submitted a brief;
*Mr. Harlow Pease,* of Counsel, argued the cause orally.

Conceding that the amendment of section 3837, as made by
Chapter 37 of the Laws of 1919, is a repeal of those provisions
of the section which imposed a liability upon directors for the
creation of debts beyond their subscribed capital stock, plain-
tiff contends that such repeal does not have any effect upon
liability already incurred. (15A C. J. 201; *Bullard* v. *Smith,*
28 Mont. 387, 397, 72 Pac. 763; *Cavanaugh* v. *Patterson,* 41

Colo. 158, 91 Pac. 117.)   The courts are not agreed as to whether the repeal of a statute imposing liability upon directors will operate to abolish a remedy already vested in a creditor at the time of the passage of the repealing Act.   The question is discussed in Thompson on Corporations, second edition, sec. 1331 *et seq.*   (See, also, 12 C. J. 977; 14A C. J. 200, 201, 218–224.)

Impairment of contract.   The legislature cannot pass any law "impairing the obligation of contracts."   (Sec. 11, Art. III, Const.)·   If the liability imposed upon directors by section 3837 was contractual in its nature, it is plain that it was not within the power of the legislature to impair the creditor's rights.   A number of courts under statutes substantially like section 3837 have held that the immunity of members of a corporation from personal liability on account of its contracts is a privilege extended to such members upon such terms as the legislature may prescribe, and that if the members of the corporation fail to comply with the terms prescribed, they simply fail to obtain for themselves that immunity from personal liability; and that therefore, when the directors violate the statute forbidding the creation of debts in excess of the subscribed capital stock, they simply put themselves in a position where they cannot claim immunity from personal liability for such transactions and incur the ordinary liability that would be incurred by any other persons unprotected by corporate privileges and immunities, and that therefore the liability for such debts so incurred is contractual in its nature.   (*Baker* v. *Smith,* 41 R. I. 17, 102 Atl. 721; *Weston* v. *Dahl,* 162 Wis. 32, Ann. Cas. 1918C, 922, 155 N. W. 949.)

Taking property without due process of law.   Where the liability has been incurred by the directors, and the creditor has a right of action, either directly or through the instrumentality of the corporation, or its receiver, such right of action constitutes property in the hands of the creditor.   It seems to us that property of this character is entitled to protection in the same manner and to the same extent as property

of any other character, and that the constitutional provision pro-
hibiting the legislature from depriving any person of property
without due process of law (sec. 27, Art. III, Const. Mont.)
should prohibit the legislature from depriving the creditor in
the instant case of its right of action against the directors of
the defendant corporation on account of liability already in-
curred. (12 C. J. 977; *Hawthorne* v. *Calef,* 2 Wall. (U. S.)
10, 17 L. Ed. 776 [see, also, Rose's U. S. Notes]; *Blackburn*
v. *Irvine,* 205 Fed. 217, 123 C. C. A. 405; *Northern Pacific
Ry. Co.* v. *Crowell,* 245 Fed. 668; 12 C. J. 972; *Ettor* v.
*Tacoma,* 228 U. S. 148, 57 L. Ed. 773, 33 Sup. Ct. Rep. 428;
*State ex rel. Bank* v. *Gilliam* (on rehearing), 18 Mont. 109,
33 L. R. A. 556, 45 Pac. 661.)

*Mr. Charles R. Leonard, Mr. E. M. Lamb* and *Mr. F. C.
Fluent,* for Respondent, submitted a brief; *Mr. Lamb* and *Mr.
Fluent* argued the cause orally.

Is the appointment of a receiver necessary to enable appel-
lant to enforce recovery from the directors? The purpose of
section 3837 was to give creditors a remedy by an action against
the directors personally and also to give the corporation it-
self such a remedy. It can maintain such an action under
this statute against directors without the intervention or ap-
pointment of a receiver. (*Southern Cal. Home Builders* v.
*Young,* 45 Cal. App. 679, 188 Pac. 586; *Boomer* v. *Rowe,* 249
Fed. 946; *Central Agricultural etc. Assn.* v. *Alabama Gold
Life Ins. Co.,* 70 Ala. 120; 7 R. C. L. 510, sec. 494.)

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

In an action pending in the district court of Silver Bow
county, wherein the Continental Oil Company is plaintiff
and the Montana Concrete Company, a corporation, is defend-
ant, an affidavit was filed on behalf of the plaintiff which recites
that on March 9, 1918, plaintiff recovered a judgment against
the defendant for $367.81 and costs; that no part thereof has

been paid; that execution has been issued and returned unsatisfied; that between January 1, 1916, and December 31, 1918, the directors of the defendant corporation, J. D. Slemons, James H. King and D. A. Morrison, incurred debts on behalf of the corporation, including the debt due to plaintiff, exceeding the subscribed capital stock of the corporation by more than $25,000. Upon this affidavit an application was made to the court for the appointment of a receiver for the defendant, to the end that its right of action against the directors may be prosecuted, the amount of their liability recovered, and plaintiff's judgment satisfied. After a hearing upon an order to show cause, the application was denied, and plaintiff appealed from the order.

During the period when the indebtedness constituting the excess was incurred, section 3837, Revised Codes of 1907, was in force. It provided: "The directors of corporations must not make dividends, except from the surplus profits arising from the business thereof; nor must they divide, withdraw or pay to the stockholders, or any of them, any part of the capital stock; nor must they *create debts beyond their subscribed capital stock, or* reduce or increase the capital stock, except as hereinafter specially provided. For a violation of the provisions of this section, the directors under whose administration the same may have happened (except those who may have caused their dissent therefrom to be entered at large in the minutes of the directors at the time, or were not present when the same did happen) are, in their individual and private capacity, jointly and severally liable to the corporation and to the creditors thereof in the event of its dissolution, to the full amount of the capital stock so divided, withdrawn, paid out or reduced, *or debt contracted,*" etc.

On February 21, 1919, section 3837 was amended by eliminating the words in italics (Chap. 37, Laws 1919; [1, 2] sec. 5939, Rev. Codes 1921), and the question is now presented: Did this amendment operate to destroy the right of action which the defendant corporation had against its directors?

A statute very similar to section 3837 was enacted in California in 1850 (Stats. 1850, p. 348, sec. 13) and with slight changes was carried into the Civil Code of 1872 as section 309. In 1863 the Act of 1850 was construed by the supreme court of California, and it was then said: "This statute provides for making one person individually liable for the debts of another, and prescribes how and under what circumstances he shall be held thus liable. Like other statutes which create a forfeiture or impose a penalty, it is to be strictly construed; and every intendment and presumption is in favor of the defendant in such cases." (*Irvine* v. *McKeon,* 23 Cal. 472.) In 1889 section 309 of the Civil Code became the subject of consideration by the same court, and the language quoted above from *Irvine* v. *McKeon* was approved and adopted. (*Moore* v. *Lent,* 81 Cal. 502, 22 Pac. 875.) When the commissioners appointed to codify the laws of Montana completed the original draft of each of the four proposed Codes, they submitted a report in which, among other things, it is said: "This [Civil] Code is almost entirely taken from the Civil Code prepared by the Hon. David Dudley Field for the Legislature of the State of New York, and the Civil Code adopted by the state of California." Section 309 of the California Civil Code was appropriated by our commissioners without change and in that form was adopted by the legislature and became section 438 of our Civil Code of 1895 and was continued without amendment and incorporated in the Revised Codes of 1907 as section 3837 above. It will be seen that we borrowed section 3837 from California after its character had been determined by the highest court of that state, and, under the familiar rule applicable in such cases, we must indulge the presumption that our legislative assembly adopted the construction as well as the text, and intended that the liability imposed upon the offending directors should be treated as a penalty for their violation of the law. (*Moreland* v. *Monarch Min. Co.,* 55 Mont. 419, 178 Pac. 175; *State ex rel. Rankin* v. *State Board of Examiners,* 59 Mont. 557, 197 Pac. 988.)

In principle, there is not any distinction between the liability imposed by section 3837 and that imposed by the companion section (sec. 451, Civ. Code 1895; sec. 3850, Rev. Codes 1907; sec. 6003, Rev. Codes 1921) for the failure of the directors to file the required annual report, and beginning with *Gans* v. *Switzer*, 9 Mont. 408, 24 Pac. 18, this court has held consistently that the latter provision is penal in character; that it establishes a new rule of private right unknown to the common law; and that the liability is neither created by contract nor given as compensation for a direct and immediate wrong done by the directors to the creditors. The most recent case affirming the rule is *Butler* v. *Peters,* 62 Mont. 381, 205 Pac. 247. The same reason which prompted the decision in each of the last class of cases compels the conclusion that the liability imposed by section 3837 is purely statutory and is in the nature of a penalty for failure to obey the mandate of the law, and this is in harmony with the decided weight of authority. (*Moss* v. *Smith,* 171 Cal. 777, 155 Pac. 90; *Chase* v. *Curtis,* 113 U. S. 452, 28 L. Ed. 1038, 5 Sup. Ct. Rep. 554 [see, also, Rose's U. S. Notes]; *Park Bank* v. *Remsen,* 158 U. S. 337, 39 L. Ed. 1008, 15 Sup. Ct. Rep. 891; *Savage* v. *Shaw,* 195 Mass. 571, 122 Am. St. Rep. 272, 12 Ann. Cas. 806, 81 N. E. 303; *Mitchell* v. *Hotchkiss,* 48 Conn. 9, 40 Am. Rep. 146; *Leighton* v. *Campbell,* 17 R. I. 51, 9 L. R. A. 187, 20 Atl. 14; *Steck* v. *Prentice,* 43 Colo. 17, 95 Pac. 552; *Sturges* v. *Burton,* 8 Ohio St. 215, 72 Am. Dec. 582; 4 Fletcher's Cyclopedia Corporations, sec. 2597; 14A C. J. 197.)

Chapter 37, Laws of 1919, provides: "That section 3837 of [3] the Revised Codes of the State of Montana of 1907 be, and the same is hereby amended to read as follows, to-wit": Then follows the section as amended and the conclusion: "All Acts and parts of Acts in conflict herewith are hereby repealed."

It is the rule in this state, and elsewhere generally, that whenever the legislature declares that an existing statute

is to be amended "to read as follows," *etc.*, it thereby evinces
an intention to make the new Act a substitute for the old
one and that so much only of the original Act as is repeated
in the new one is continued in force, and all portions omitted
from the new Act are repealed. (*City of Helena* v. *Rogan,*
27 Mont. 135, 69 Pac. 709; *State ex rel. Jacobson* v. *Board,*
47 Mont. 531, 134 Pac. 291; *State ex rel. Paige* v. *District
Court,* 54 Mont. 332, 169 Pac. 1180.) The effect of the amend-
ment made to section 3837 was to repeal the statute which
imposed a liability upon the directors of a corporation for
incurring debts beyond the corporation's subscribed capital
stock. What effect, if any, had this repeal upon the director's
liability existing at the time the new Act became effective?

The right of action against the directors recognized by sec-
[4, 5] tion 3837 was one created by the statute itself, one
which did not exist at common law, and the amending statute
does not contain any saving clause. It is the general rule that
the repeal of a statute without any reservation takes away
all the remedies existing under the repealed Act and defeats
all actions pending under it at the time of its repeal. The
rule is peculiarly applicable to the repeal of a statute which
creates a cause of action providing a remedy not known to
the common law. (36 Cyc. 1228.) The principle is in har-
mony with that declared by our own Codes. Section 95, Re-
vised Codes of 1921 (sec. 294, Pol. Code 1895; sec. 121, Rev.
Codes 1907), declares: "Any statute may be repealed at any
time, except when it is otherwise provided therein. Persons
acting under any statute are deemed to have acted in con-
templation of this power of repeal."

In 36 Cyc. 1227, it is said: "The repeal of a statute under
which penalties recoverable in a civil action have been in-
curred, will operate to take away all rights to the recovery of
such penalties either by the public or by individuals, unless
such rights are preserved by a saving clause," *etc.*

Counsel for plaintiff contend that, if the effect of Chapter
[6] 37 is to destroy the right of action existing against the

directors, it is invalid as impairing the obligation of contracts and interfering with vested rights. The answer to this contention is plain. The directors' liability is not founded in contract, and there is not any such thing known to the law as a vested interest in an unenforced penalty. (*Gregory* v. *Bank,* 3 Colo. 332, 25 Am. Rep. 760; *Norris* v. *Crocker,* 13 How. 429, 14 L. Ed. 210; *Bay City etc. Ry. Co.* v. *Austin,* 21 Mich. 391; *Anderson* v. *Byrnes,* 122 Cal. 272, 54 Pac. 821.)

Again, counsel contend that, if the effect of Chapter 37 is [7, 8] to wipe out the existing liability of directors, it violates section 13, Article XV, of our Constitution, which provides: "The legislative assembly shall pass no law for the benefit of a * * * corporation, or any individual or association of individuals, retrospective in its operation." We are unable to admit the validity of this contention. "A law is retrospective in its legal sense which takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty or attaches a new disability in respect to transactions or considerations already past." (7 Words & Phrases, First Series, p. 6199; 4 Words & Phrases, Second Series, p. 373.) As we have observed, there is not any such thing known to the law as a vested right in an unenforced penalty, and, since the only effect of Chapter 37 is to relieve the directors of their individual liability for the penalty imposed by section 3837, it does not impinge upon the constitutional limitation above.

Section 3, Revised Codes of 1921 (sec. 3, Pol. Code 1895; sec. 3, Rev. Codes 1907) declares: "No law contained in any of the Codes or other statutes of Montana is retroactive unless expressly so declared." From this, counsel argue that Chapter 37 cannot be held to relieve directors whose liability had attached prior to February 21, 1919; but the argument has its foundation in the erroneous assumption that Chapter 37 is retroactive merely because it destroys a right of action theretofore existing. The terms "retroactive" and "retrospective," as applied to laws, are used interchangeably and are synony-

mous (Century Dictionary; Standard Dictionary; *Rairden* v. *Holden,* 15 Ohio St. 207), and, as observed heretofore, Chapter 37 does not fall within any well-recognized definition of the terms "retrospective law."

In 4 Fletcher's Cyclopedia Corporations, section 2607, the character of a statute, such as section 3837, and the effect of its repeal, are discussed at length.    It is said: "It is generally held that such statutes are penal in such a sense that they may be repealed at any time, even after an action has been commenced by a creditor, without violating constitutional prohibitions against laws impairing the obligation of contracts or interfering with vested rights; and that a creditor has no vested right under such a statute against an officer until he has recovered a judgment against him.    In such a case, the legislature may repeal a statute imposing upon directors or other officers a penal liability for corporate debts, not only as against existing creditors, but also as against creditors who have commenced an action, and after the repeal no judgment can be rendered."    (2 Thompson on Corporations, sec. 1331; *Credit Men's Adjustment Co.* v. *Vickery,* 62 Colo. 214, 161 Pac. 297.)

In support of their contention for a contrary rule, counsel for plaintiff cite 12 C. J. 977; but the subject matter there dealt with is the liability of stockholders, and counsel fail to distinguish between the character of a stockholder's liability and the liability imposed upon a director as such—a distinction recognized by all authorities.    (*Wiles* v. *Suydam,* 64 N. Y. 173; *Flash* v. *Connecticut,* 109 U. S. 371, 27 L. Ed. 966, 3 Sup. Ct. Rep. 263 [see, also, Rose's U. S. Notes].)

But counsel for plaintiff insist that we have in this state [9]    a general saving statute, and reference is made to sections 8 and 17 of the Revised Codes of 1907.    Section 8 provides: "No action or proceeding commenced before the Code takes effect, and no right accrued, is affected by its provisions," *etc.* Section 17 provides for the repeal or abrogation of certain laws, and then proceeds: "This repeal or abrogation does not

revive any former law heretofore repealed, nor does it affect any right already existing or accrued, or any action or proceeding already taken, except as in this Code provided," etc. Like provisions are found in the Code of 1895 and of 1921. These sections do not in any sense constitute a saving clause applicable to statutes generally. They are, as their very terms suggest, emergency measures intended to prevent the abatement of pending proceedings and the loss of existing rights consequent upon the adoption of the particular Codes, and extend no further.

No action had been prosecuted to judgment against the directors of the Montana Concrete Company prior to the enactment of Chapter 37, and since by the terms of that Act their liability was extinguished, no purpose could be served by the appointment of a receiver.

The order is affirmed.

*Affirmed.*

Associate Justices Cooper and Galen and Honorable Roy E. Ayers, District Judge, sitting in place of Mr. Justice Reynolds, disqualified, concur.