THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
AGUSTÍN OLAVARRIETA, Defendant and Appellant.

No. 9086.   Argued December 19, 1941.—Decided January 16, 1942.

*Jorge Díaz Cruz* for appellant. *George A. Malcolm, Attorney General,* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellant was prosecuted in the Municipal Court of Yauco, on April 1, 1940, for the offense of abandonment of children and upon being convicted, was sentenced to pay a fine of $25; but said court suspended the sentence conditioned upon the payment by the appellant of a $2 weekly allowance for the support of the child. He appealed to the District Court of Ponce, and upon the case being called for trial on January 15, 1941, and after the accusation had been read but before any plea had been entered, the defendant presented a motion to dismiss the prosecution on the ground that the child Víctor Iván Flores had died on June 4, 1940, and exhibited with the motion a certificate attesting to the death of said child. Such dismissal was also sought on the ground that, as Act No. 108 of 1940 (Session Laws, p. 672) establishing a special proceeding in connection with the offense of abandonment of illegitimate children, whether ac-

knowledged or not, had already been approved and become effective at the time the case was called for trial in the district court, the defendant was entitled to invoke said act for the purpose of a compliance with the provisions contained in sections 2, 3, and 4 of the same, in virtue of which a defendant can not be prosecuted for a violation of Section 263 of the Penal Code until after the demand mentioned in section 2 of said act has been made and he has persisted in his refusal to furnish support for the alleged child.

Act No. 108 of 1940 was approved on April 30, and took effect on July 29 of the same year, that is, about six months before the time when this case was called for trial in the lower court.

After the motions of the defendant had been denied and the case tried on the merits, judgment was rendered convicting him and sentencing him to pay a fine of $25 and, in default of such payment, to be confined in jail one day for each dollar left unpaid, with costs.

■■ In our judgment, the first question, that is, the one relating to the death of the minor, lacks importance; for, as the minor was alive at the time when the defendant was prosecuted and sentenced by the municipal court, and as the cited act was not in force at that time, the fact that the minor subsequently died does not mean that the defendant had not committed the offense for which he was prosecuted and sentenced in the municipal court, and therefore, the District Court of Ponce, in the absence of Act No. 108, would have had jurisdiction to try him for a violation of Section 263 of the Penal Code; but as the cited act was in force at the time the trial *de novo* was held in the lower court, the latter lacked jurisdiction, in accordance with the act and the holding of this court in the case of *People* v. *Lamboy, ante,* p. 173, to convict the defendant, since the prior hearing above referred to had not been held in the municipal court.

Construing Act No. 108 of 1940, this court in *People* v. *Lamboy, supra,* said:

"In accordance with the clear provisions of the above-quoted section, any father or mother who has failed to perform his or her obligations towards a minor child could be charged, tried, and convicted without the necessity of complying with any prerequisite. Section 2 of Act No. 108 of 1940 amends Section 263 of the Penal Code in so far as concerns illegitimate children, by providing that 'he who fails in that obligation or wilfully refuses to fulfill it and persists in his or her refusal *after a formal demand to do so has been made*' shall be punished as provided for in the Penal Code. It has been the evident intent of the lawmaker to accord a father who has abandoned an illegitimate child under 16 years of age a last opportunity to fulfill his duties and to avoid criminal proceedings for a violation of Section 263 of the Penal Code. From the moment that Act No. 108 of 1940 became effective no presumptive father can be prosecuted and punished for abandonment of his minor child, unless he has been first formally required, in the manner prescribed in section 4 thereof to state whether or not he admits the paternity and sets forth in writing what he binds himself to do for the benefit of the minor. If after being so required he appears before the municipal judge and admits the paternity, such admission places him *ipso facto* within the jurisdiction of the juvenile court, and if after such admission and after having bound himself to support the minor he should refuse [to fulfill his agreement with the juvenile court, the latter from that moment will have exclusive jurisdiction to prosecute and convict him for violating Section 263 of the Penal Code.

"If the presumptive father of the illegitimate child, after demand having been made upon him in accordance with the above-mentioned provisions of the new act, refuses to appear before the municipal judge or after so appearing fails to admit the paternity and refuses] * to provide necessaries for the welfare of the minor, then and only then can the father be tried and convicted, in accordance with the provisions of Section 263 of the Penal Code, by an ordinary court with jurisdiction to take cognizance of the case. So long as no compliance has been had first with such formal demand, the presumptive father of the minor can not be held to have violated the law. In other words, the cause of action accrues when, after such demand is made upon him, the father refuses to admit the paternity.

---

* NOTE.—The matter enclosed in brackets was inadvertently omitted from page 177, this volume. See ERRATA, p. II.

"At the time of the appearance of the defendant on September 21, 1940, Act No. 108 was already in force. As the act in question favored the defendant, the latter was entitled to request that he should not be tried or convicted, without being first accorded an opportunity to admit the paternity of the minor or to reject it. As no compliance was had with the requisite of the presumptive father being first served with the formal demand, the district court which convicted him was without jurisdiction to try him. See *Ball v. Tolman*, 135 Cal. 375; Sutherland, Statutory Construction, sec. 166; and *People v. Pérez*, 52 P.R.R. 161."

For the reasons stated the judgment appealed from must be reversed and the defendant discharged.

Mr. Justice Snyder took no part in the decision of this case.