[Civ. Nos. 6969, 6970. Fourth Dist. Aug. 2, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. LEE DURBIN et al., Defendants and Appellants.

(Two Cases.)

Kenneth Foley, Edgar G. Langford and J. Perry Langford for Defendants and Appellants.

Henry A. Dietz, County Counsel, Duane J. Carnes and Stanley Friedman, Deputy County Counsel, for Plaintiff and Respondent.

GRIFFIN, P. J.—It was stipulated that these two actions might be consolidated on appeal.

Defendant-appellant Lee Durbin was charged in San Diego County in an information (CR 3144) filed July 13, 1961, with the crime of burglary (two counts) and six prior convictions of felony (our number 4 Civil No. 6969). He was released on bail furnished by petitioners and appellants United Bonding Insurance Company and George M. Martin, doing business as AAAA Bonding Company. Arraignment was set for September 13, 1961. Defendant failed to appear. His bail was ordered forfeited on that date. On December 12, 1961, appellants, including Durbin, filed a motion to set aside the bail forfeiture. On February 27, 1962, after hearing, the motion was denied. Appellants appeal from the order denying said motion. On March 6, 1962, a summary judgment was entered against the sureties for $10,500.

In our case number 4 Civil No. 6970 defendant Durbin was charged in an information (CR 3214) with one count of attempted grand theft and six prior convictions of a felony. He was released on bail and arraignment was set for August 17, 1961. He failed to appear on that date and his bail was then ordered forfeited. On November 15, 1961, appellants filed a motion to set aside this forfeiture. After hearing, it was denied on February 27, 1962, and on March 6, 1962, a summary judgment was entered against the surety for $15,750. Appellants appeal from the order denying the motion to set aside the forfeiture.

Bail was forfeited in case number 4 Civil No. 6970 on August 17, 1961. Defendant Durbin purportedly left the jurisdiction of the state either before or about the time set for his appearance. At least his whereabouts were unknown to the bail and to the court. He was arrested in Longview, Texas on August 19, 1961, and he escaped that day or the next and his whereabouts were again unknown. On September 5, 1961, he was arrested in Natchez, Mississippi on a bunko charge and released by the authorities on September 12, 1961. He was again at liberty to appear in the San Diego County courts but failed to do so.

It appears that on September 14, 1961, a complaint was sought by the District Attorney of San Diego County in the federal courts, charging Durbin with flight to avoid prosecu-

tion and a warrant of arrest was issued. On September 22, 1961, defendant was arrested in Memphis, Tennessee on an armed robbery charge and subsequently sent to prison there.

Following that, the federal fugitive complaint was dismissed and the Chief Deputy District Attorney of San Diego County expressed no interest, at that time, in returning defendant to California on the fugitive warrant.

It does appear that the failure of defendant Durbin to appear and his subsequent flight were without the collusion of the bail.

It is appellants' contention that the bail forfeiture should have been set aside when the bail appears in court within 90 days after the forfeiture and shows that the defendant's failure to appear was without the connivance of the bail and that the bail cannot produce the defendant in court within the remainder of the 90 days, because defendant is in the custody of civil authorities; that the People may not defeat the bail's right to move to set aside a bail forfeiture by electing not to prosecute or to delay prosecution of the defendant on the fugitive warrant until after the time for making such a motion has expired.

It does not affirmatively appear from the section being construed and its historical background that the bail has an automatic vested right under the section to 90 days' time after forfeiture in which to produce a willful defaulting defendant and to be thereby relieved of the forfeiture. The section provides that if a defendant neglects to appear *for trial* when required, *without sufficient excuse,* the court must direct the forfeiture. But if at any time within 90 days, defendant and his bail appear and *satisfactorily excuse* the defendant's negligence to thus appear for trial, the court *may* direct the forfeiture of the undertaking to be discharged upon just terms, and that if, within said 90 days, it appears *to the satisfaction of the court* that the defendant is dead, or, by reason of his detention by civil authorities, defendant fails to appear in court *at any time* during said 90 days, the court *may* direct the forfeiture to be discharged.

The word *"may"* is used and not *"must,"* clearly denoting a discretion on the part of the judge exercising jurisdiction over the proceeding.

Attack is made on the case of *People* v. *Houle,* 153 Cal.App.2d Supp. 894 [316 P.2d 100], holding somewhat to the contrary. In answer thereto, we adopt the reasoning expressed and the interpretation of Penal Code, section 1305,

Under the construction there indicated, the question of defendant's absence on the day he was ordered to appear, and his subsequent ability to make the application for relief from the forfeiture, were factual questions for the consideration of the trial judge in connection with the application to set aside the forfeiture. The question was a discretionary matter.

The remaining question is whether the trial judge did exercise his discretion after hearing all of the facts, or whether he felt bound by the holding in *People* v. *Houle, supra,* and denied the motion to set aside the forfeiture, not as a discretionary matter but believing the holding in that case prevented him from doing so. The order contained no findings indicating the grounds for denying it. The transcript of the Judge's remarks is somewhat indefinite. In summarizing the case he stated:

"The Court: The clearest case on the subject is this *Houle* case, and it seems to be a pretty well reasoned case and doesn't place any undue strain on the language of the section itself. It just takes the language of the section in the form that it is written and applies it. It doesn't put any unusual or strained interpretation on it.

"It seems to me that a bail bondsman is responsible, and he is released to his custody when bail is posted, and that at any time during the period of ninety days the person wasn't in any of the restrictions as outlined in the section, that he is not relieved from his liability in producing the person.

"But since the factual situation is similar to what we are dealing with here, it might be just as well to continue this matter to see what the District Court of Appeal does in that other case. It does need some further interpretation."

"If that ninety days and what the language of that section says means anything, he was available. How are you going to get around it? He wasn't under restraint by the civil authorities, by the military authorities. He was a free man out of the jurisdiction in your custody. You were responsible for him, and he wasn't here. What can I do about it? There are no extenuating circumstances that I can see here at all, nothing, as in some of these other cases that have been cited that are not parallel and analogous in any way. The facts are different.

". . . . . . . . . . .

"Mr. Foley: Well, of course, that takes us back to the

*Houle* case which holds that he has to be in continuous custody for that period of ninety days. All I can say with respect to *Houle* is that it's there and it's authority. I think the case is wrong, but it's there.

"THE COURT: Maybe it might be just as well to join in the appeal.

"The motion to set aside the forfeiture will be denied in both cases."

We will give petitioners and appellants the benefit of the claim that the trial judge did not exercise his discretionary power but decided the case solely on the holding in *People* v. *Houle, supra.*

The judgments are reversed and the trial court is directed to exercise such discretionary power and render judgment accordingly.

Coughlin, J., and Brown (Gerald), J., concurred.