[L. A. Nos. 28720, 28721. In Bank. Apr. 25, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. LEE DURBIN
et al., Defendants and Appellants.

(Two Cases.)

Frank Fullenwider, Langford, Langford & Lane, J. Perry Langford, Colton, Thompson & Thompson and David R. Thompson for Defendants and Appellants.

Bertram McLees, Jr., County Counsel, Duane J. Carnes and Lloyd M. Harmon, Jr., Deputy County Counsel, for Plaintiff and Respondent.

PETERS, J.—These are two appeals from orders denying motions to set aside forfeitures of bail. The problem involved is whether an amendment to the forfeiture statute passed before the forfeitures here involved became final is applicable to these cases. ■■■ The amended statute is clearly applicable. For that reason the orders appealed from must be reversed.

The facts are not in dispute: Lee Durbin was charged in one case (L.A. 28720; 4 Civ. 7606) with two counts of burglary, and was released on bail. Arraignment was set for September 13, 1961. In another case (L.A. 28721; 4 Civ. 7607) Durbin was charged with one count of attempted grand theft, and was released on bail. Arraignment was set for August 17, 1961. He failed to appear for either arraignment, and on the dates set for the arraignments bail was ordered forfeited in each case. ■■■ Durbin and his sureties United Bonding Insurance Company and George H. Martin moved to set aside the

forfeitures. Both motions were denied after a hearing on February 27, 1962, and summary judgments were entered against the sureties on March 6, 1962. Durbin and his sureties appealed. These orders are appealable. (*People* v. *Wilcox*, 53 Cal.2d 651, 655 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174].) The appellate court reversed upon the ground that the trial court had failed to exercise the discretionary power then conferred by section 1305 of the Penal Code with regard to relief from bail forfeitures. (*People* v. *Durbin*, 218 Cal.App.2d 851 [32 Cal.Rptr. 573].) Thereafter, on November 7, 1963, the trial court exercised its discretion, and again denied the motions. These appeals followed.

The motions were based upon Penal Code section 1305 which throughout 1961 provided, in part, that the court "may" discharge the forfeiture upon such terms as may be just if within 90 days after entry in the minutes of the failure to appear it is shown to the satisfaction of the court "that the defendant is dead or is physically unable, by reason of illness or insanity, or by reason of detention by civil or military authorities, to appear in court at any time during said 90 days." In September of 1963, between the time the appellate court issued its remittitur reversing the orders denying relief and the time the trial court again denied the motions to set aside the forfeitures, section 1305 was amended by replacing "may" with "shall" and thereby made mandatory the granting of relief upon such terms as may be just if a timely motion is made and the inability specified by the statute is shown. (Stats. 1963, ch. 2014, p. 4113, § 1.)

Durbin was arrested in Texas for investigation of robbery on August 19, 1961, and escaped that same day or the next. He was arrested in Mississippi on a bunco charge on September 5 and was released on September 12. He was arrested a third time in Tennessee on September 22 for armed robbery in Memphis. He was thereafter convicted and sentenced to 10 years on the robbery charge. Following this last arrest, he remained in custody of the Tennessee authorities both while awaiting trial and after judgment imposing sentence. It thus appears that Durbin was free on and after August 17, the first date set for his appearance, until September 5, with the exception of August 19. He was again at large during the period between September 12 and September 22, which includes the second date he was ordered to appear. Thus, the motions to set aside the forfeiture, both of which were made within the 90-day period, showed that although Durbin was at large and

free to appear on the dates set for arraignment, and for brief periods within the 90 days thereafter, he was in continuous custody of the Tennessee authorities after September 22, 1961.

The appellate court held on the prior appeal that relief should be granted in the present case under section 1305 even though defendant was able at some point within the 90 days to appear in court. (*People* v. *Durbin, supra,* 218 Cal.App.2d at pp. 853-855.) ■ Questions determined by an intermediate appellate court constitute the law of the case after the decision becomes final. In the absence of exceptional circumstances of hardship and injustice the need for attributing finality to considered judicial determinations compels adherence to the previous decision. (*Gore* v. *Bingaman,* 20 Cal.2d 118, 122-123 [124 P.2d 17].) ■ The state has no vested interest in a forfeiture (*People* v. *One 1953 Buick,* 57 Cal.2d 358, 366 [19 Cal.Rptr. 488, 369 P.2d 16]), and injustice will not result from adherence to the prior decision. (Cf. *Corning Hospital Dist.* v. *Superior Court,* 57 Cal.2d 488, 492 [20 Cal.Rptr. 621, 370 P.2d 325].) Therefore, whatever may be the correct interpretation of section 1305,[1] the state, under the doctrine of the law of the case, cannot now properly contend that appellants are not entitled to be considered for relief under its provisions.

■ It is clear that under section 1305 as it read prior to September 1963 the trial court could, in the exercise of its discretion, have denied relief in the present case. (*People* v. *Wilcox, supra,* 53 Cal.2d at p. 656.) The issue presented on this appeal is whether the 1963 amendment to Penal Code section 1305 applies to the instant case and now *requires* the trial court to discharge the forfeiture of bail.[2]

---

[1]The language of section 1305 with regard to inability "to appear in court at any time during said 90 days" is regrettably ambiguous. It appears to apply either to cases where the defendant is unable to appear throughout the entire 90 days or to cases where the defendant is unable to appear at any moment of time within the 90 days. Both constructions lead to unreasonable results. The first would not fulfill the purpose of inducing the bail to aid in locating the defendant when he has been at large any time after failing to appear. The second would permit (and because of the amendment would now *require*) discharge upon the mere showing of some prior moment of inability. Neither construction has been adopted, but one appellate court has held that relief may be given in a case like the present where the bail assists in the location of defendant and shows that because he is in custody he is unable to appear within the remainder of the 90 days. (*People* v. *Rolley,* 223 Cal.App.2d 639, 641-642 [35 Cal.Rptr. 803].)

[2]Significant amendments to sections 1305 and 1306 were enacted in 1965, but they have no application to the present case. The period within

■ The general rule of construction found in the common law and embodied in section 3 of the Penal Code is that when there is nothing to indicate a contrary intent in a statute it will be presumed that the Legislature intended the statute to operate prospectively and not retroactively. (*DiGenova* v. *State Board of Education,* 57 Cal.2d 167, 174 [18 Cal.Rptr. 369, 367 P.2d 865]; *Aetna Cas. & Surety Co.* v. *Industrial Acc. Com.,* 30 Cal.2d 388, 393 [182 P.2d 159].) ■ However, the amendment requiring the court to set aside forfeitures in cases where it previously had discretion to decline to do so amounts to the elimination of the power of forfeiture in these cases, and it is settled that the repeal of a civil penalty or forfeiture running either to an individual or the state, at any time before final judgment, extinguishes the right to recover the penalty. (*People* v. *One 1953 Buick, supra,* 57 Cal.2d at p. 363 [statute amended to extinguish forfeiture to the state of an interest in an automobile used to unlawfully transport narcotics unless the interest was created after a reasonable investigation of the moral responsibility, character, and reputation of the purchaser]; *Meriwether Inv. Co., Ltd.* v. *Lampton,* 4 Cal.2d 697, 707 [53 P.2d 147] [statute amended to reduce bond forfeiture penalty]; *Anderson* v. *Byrnes,* 122 Cal. 272, 273-276 [54 P. 821] [statute amended to eliminate liquidated damages provision in favor of stockholders for director's failure to make and post certain monthly reports and to leave them with right to recover only their actual damages].) ■ The test to be applied in determining the effect to be given the repeal of

which relief from forfeiture may be sought was increased to 180 days. It was provided that if the forfeiture exceeds $50 the surety or depositor is released from all obligations under the bond if the clerk of the court fails to mail a notice of the forfeiture to the surety or depositor or fails to post a copy of the forfeiture order promptly upon entering the fact of defendant's failure to appear in the minutes. Added at the end of the section was the provision that "If at any time within said 180 days after such entry in the minutes, the bail with the defendant in his custody should appear, the bail may surrender the defendant to the court, may make a motion to set aside the forfeiture, and may request the court not to reinstate the bail." (Stats. 1965, ch. 1926, § 1.) Added to section 1306 were the provisions that "If, because of the failure of any court or district attorney to promptly perform the duties enjoined upon them pursuant to this section, summary judgment is not entered within 60 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated" and that "The right to enforce a summary judgment entered against a bondsman pursuant to this section shall expire two years after the entry of such judgment." (Stats. 1965, ch. 1926, § 2.)

Appellants do not seek application of these amendments, and the problem as to the scope of their effect involves additional considerations not relevant to the determination of the application of the 1963 amendments.

penalty and forfeiture statutes is whether the rights affected are vested or inchoate. No person has a vested right in an unenforced statutory penalty or forfeiture. (*People* v. *One 1953 Buick, supra,* 57 Cal.2d at pp. 365-366.)

There is still another reason for holding that the 1963 amendments are retroactive to cases which were not yet final at the time of passage. In the case of *In re Estrada,* 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948], it was held that if an amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final, it applies rather than the old statute in effect when the prohibited act was committed. It was there stated that when the Legislature amends a statute so as to lessen the punishment it has obviously determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the crime. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply, because to hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted in view of modern theories of penology. (*In re Estrada, supra,* 63 Cal.2d at p. 744-745.) What was there said with regard to an amendatory statute lessening criminal punishment equally applies to the reduction or elimination of civil penalties or forfeitures.

 It follows that whether the forfeiture of bail is considered a civil penalty or as akin to criminal punishment, the amendment taking from the trial court the discretion to declare forfeitures in cases as the present where the defendant is physically unable to appear must be applied to all cases not final at the time the amendment became effective. The orders in the present appeal denying relief from forfeiture are not yet final, and section 1305 of the Penal Code as amended in 1963 requires the forfeitures to be set aside.[3] But this does not necessarily mean that the forfeitures should be set aside without the imposition of conditions. Section 1305 of the Penal Code as amended in 1963 provides that the forfeiture shall be set aside "upon such terms as may be just." This quoted

---

[3]The doctrine of law of the case does not prevent the application of the 1963 amendment, because that amendment came into effect after the decision of the District Court of Appeal was rendered and adherence to that decision in order to sanction a forfeiture would now be unjust. (Cf. *Corning Hospital Dist.* v. *Superior Court, supra,* 57 Cal.2d at p. 492.)

phrase was in the section before 1963 and is still in the section. The trial court has never determined whether any such terms should be imposed as a condition of setting aside the forfeitures. It should be given that opportunity.

The orders appealed from are reversed, and the trial court ordered to set aside the forfeitures "upon such terms as may be just."

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.