[No. E011223. Fourth Dist., Div. Two. May 9, 1995.]

COUNTY OF SAN BERNARDINO, Plaintiff and Respondent, v. RANGER INSURANCE COMPANY, Defendant and Appellant.

COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Alan K. Marks, County Counsel, and Dawn Stafford, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

DABNEY, Acting , P. J.—Defendant and appellant Ranger Insurance Company appeals after the trial court denied its motion to set aside a summary

judgment on bail bond forfeiture and to exonerate the bail. We previously issued an opinion affirming the judgment, but Ranger brought to the court's attention a change in the law, which became effective while the appeal was pending. We granted rehearing to consider the effect of the change in the law.

FACTS

The statement of facts is taken in part from Ranger's brief on appeal.

Ranger, through its bail agent Pete Brito Bail Bonds, provided bail bond No. RB25-00144904, in the amount of $15,000 on July 10, 1991, for the release of Tommy Turpin (true name is Roger Wayne Turpin) from custody in criminal proceedings. Turpin failed to appear on July 16, 1991, and the bail was declared forfeited. Notice of the forfeiture was sent to the parties on July 22, 1991.

On August 23, 1991, Turpin was arrested by the surety's agents and surrendered to the custody of the San Bernardino County Sheriff. Turpin appeared in court on August 29, 1991, and trial was set for October 15, 1991. On October 18, 1991, Turpin pled guilty and was sentenced the same day to 16 months in state prison.

On November 6, 1991, the bail agent inquired of the court clerk whether the bond had been exonerated. The clerk apparently marked a box on the bail agent's letter form and (as requested in the letter form) put the clerk's stamp on the form. The clerk indicated on the bail agent's letter form that Turpin's bond had been exonerated on *July 24, 1991*. As a result of the clerk's representation that the bond had been exonerated, neither Ranger nor the bail agent took any further steps to exonerate the bond.

On February 3, 1992—202 days after the forfeiture was declared, and 196 days after the notice of forfeiture was mailed—in the absence of any action by Ranger or the bail agent, the trial court granted summary judgment to the county on the forfeiture. Ranger filed a motion to set aside the summary judgment and to exonerate the bond. Ranger alleges no opposition was filed by the county. The court denied the motion; the county's notice of ruling indicated that the "Court adopted the County Counsel arguments."

Ranger appealed.

## DISCUSSION

### I. *Participation by Responding Party on Appeal*

■ Ranger served the county counsel with its notice of appeal. Up through the time this court issued its prior opinion on appeal, the county counsel did not file a respondent's brief, or request any extension of time in which to do so, although it had been duly notified of the appeal. This court received a letter from county counsel, dated April 7, 1993, stating that the county counsel believed the district attorney was the proper public counsel to receive the notice of appeal and to represent the county on this appeal, based upon *People* v. *Hadley* (1967) 257 Cal.App.2d Supp. 871 [64 Cal.Rptr. 777]. County counsel represented that it had tendered Ranger's appellant's opening brief to the district attorney.

This court directed a letter to the district attorney, asking the district attorney to serve and file a letter indicating whether the district attorney was indeed the proper attorney of record for the county on this appeal. This court's letter was flatly ignored.

Thereafter, neither the county counsel nor the district attorney filed a respondent's brief in this matter, resulting in an utter failure of public counsel to protect the interests of the county in this appeal.

After examining the relevant statutory provisions, and the *Hadley* case cited by county counsel, we conclude the position of county counsel, that it was not the attorney of record and that the notice of appeal should have been served upon the district attorney, is not well taken.

The county counsel's reliance on *People* v. *Hadley, supra*, 257 Cal.App.2d Supp. 871, is misplaced. There, the bonding agent had provided bail for the appearance of Hadley on a criminal charge. Hadley failed to appear and the bond was declared forfeited. With four days remaining of the one hundred eighty-day period within which to move for exoneration of the bail, the attorney representing the bondsman moved for relief, but gave no notice to the district attorney. The motion to exonerate the bail proceeded ex parte. The reviewing court held that it was improper to proceed without notice to the district attorney while the prosecution of the defendant was still pending. Otherwise, the interests of the People could be compromised without notice.

The court went on to comment that "as a further direction to the trial court it is our opinion that the district attorney's office, as distinguished from the county counsel's office, is the proper representative of the People to receive

notices in forfeiture proceedings. We are directed to that view by practical considerations as well as statutory interpretation. Section 26521 of the Government Code provides that the district attorney shall prosecute all actions regarding fines, penalties and forfeitures. Section 2762 of the same code provides that the county counsel shall discharge all duties of the district attorney except those of public prosecution. It seems clear that the existence of bail and its influence to ensure the presence of the defendant is inextricably a part of the prosecution process, and thus becomes the concern of the district attorney. . . . *When, however*, the state or the county require legal representation *for the collection of an obligation created by a bail bond, such a proceeding is wholly unrelated to the prosecution procedure and should be accomplished by the county counsel's office.*" (257 Cal.App.2d at pp. Supp. 878-879, italics added.) "It seems, therefore, the practical and rational concept that the district attorney should be charged with all matters relating to bail *up to the point where a civil suit is to be instituted.*" (*Id.* at p. Supp. 879, italics added.)

Here, Ranger and its bail agent in fact served the required notice on the San Bernardino county counsel. At the time they did so, the prosecution (of Turpin) in which the bail had been given was concluded. The sole remaining proceedings were the summary judgment—seeking civil collection of the forfeited bail—and Ranger's motion to set aside the summary judgment and exonerate bail. county counsel was thus properly served below, and indeed the county counsel actually appeared as the attorney of record below. Thus, the county counsel was the proper attorney of record with regard to the appeal and should have responded thereto.

We note in addition that the statutory provisions in effect at the time of the proceedings below support our view. Government Code section 26521, the same provision relied upon by the *Hadley* court to establish the district attorney as the primary attorney to receive notices in bail forfeiture proceedings, was amended in 1990, and expressly provided that "The district attorney shall defend all suits brought against the state in his or her county or against his or her county wherever brought, and prosecute all recognizances forfeited in the courts of record and, *except as provided in Section 1305 and 1306 of the Penal Code*, prosecute all actions for the recovery of debts, fines, penalties, and forfeitures accruing to the state or his or her county." (Italics added.)

In turn, Penal Code section 1306, as applicable here, provided that the county counsel as well as the district attorney may be the proper attorney to enforce the forfeiture or oppose a motion for relief. Penal Code section 1306,

as amended in 1990, provided that, when a bond has been declared forfeited and the period of time specified in section 1305 (at that time, 180 days) has passed without the forfeiture having been set aside, then the trial court must enter a summary judgment against the bondsman in the amount of the bond. (Pen. Code, § 1306, subd. (a).) More specifically, Penal Code section 1306, subdivision (d), provided that "The district attorney *or county counsel* shall" demand payment and enforce the summary judgment. (Italics added; see Stats. 1990, ch. 1073, § 3.)

Penal Code section 1305 provided that, "[u]nless waived by the district attorney, other prosecuting attorney, *or county counsel*, as the case may be, no order discharging the forfeiture of the undertaking or deposit shall be made without notice by the bail to the district attorney, prosecuting attorney, *or county counsel*, as specified by the board of supervisors after consultation with the county counsel and the district attorney, who may request a hearing within 10 days after receipt of the notice. The notice may be given by the surety insurer, its bail agent, the surety, or the depositor of money . . . . The court shall then set the date, time, and place of hearing and give notice to the district attorney, prosecuting attorney, *and county counsel* and to the bail. The district attorney, prosecuting attorney, *or county counsel*, as the case may be, shall recover the costs incurred in successfully opposing a motion to discharge the forfeiture . . . from the forfeited bail money." (Stats. 1990, ch. 1073, § 2, italics added.)

As we previously noted, Ranger and its bail agent actually served the county counsel here, and the county counsel appears in fact to have appeared as the attorney of record for the county below. This was proper, as the underlying prosecution was concluded and, even according to *Hadley*, the proceedings had ceased to be prosecutorial in nature but were solely civil proceedings to recover the forfeited bail.

We find the actions of the county counsel in creating the ambiguity about representation, in simply passing the buck to the district attorney, and in failing to give proper consideration to the authority it relied upon in declining representation, left the County of San Bernardino essentially unrepresented and vulnerable to a determination of all factual issues against it in the initial appeal proceedings. The San Bernardino County District Attorney contributed to this state of affairs when it simply ignored this court's query for clarification. In a matter involving a potential $15,000 liability to the county, such conduct by the county counsel and the district attorney is cavalier, to say the least.

Upon rehearing, and at this court's direction, the county counsel has now appeared and briefed the issues on rehearing.

## II. *Exoneration of Bail*

 Ranger contends that its surrender of defendant into the custody of the sheriff effected or should have effected an exoneration of the bond as a matter of law.

Penal Code section 1305, subdivision (a), as it read at the time of the proceedings below, provided in relevant part: "If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his or her presence in court is lawfully required, . . . the court *shall direct the fact to be entered upon its minutes*, and, unless within 15 court days from arraignment no complaint has been filed or the charges have been dismissed, the undertaking of bail . . . *shall thereupon be declared forfeited*, and, if the amount of the forfeiture exceeds three hundred dollars ($300), the clerk of the court shall promptly, upon entering the fact of the failure to appear in the minutes, mail notice of the forfeiture to the surety . . . and shall execute a certificate of the mailing and place it in the court's file in the case. . . .

"But, if at any time within 180 days after the entry in the minutes or, if mailing of notice of forfeiture is required, within 180 days after mailing the notice of forfeiture, the defendant appears and satisfactorily excuses the defendant's neglect or shows to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall, under terms as may be just and that are equal with respect to all forms of pretrial release, direct the forfeiture of the undertaking . . . to be set aside and the bail . . . exonerated immediately. The court may order the bail reinstated and the defendant released again on the same bond after notice to the bail, provided that the bail has not surrendered the defendant. *If, at any time within 180 days* after the entry in the minutes or mailing, as the case may be, *the bail should surrender the defendant* to the court or to custody, *the court shall*, under such terms as may be just, *direct the forfeiture* of the undertaking . . . *to be set aside and the bail . . . exonerated immediately.*

" . . . . . . . . . . . . . . . . . . . . . . . .

"Unless waived by the district attorney, other prosecuting attorney, or county counsel, as the case may be, *no order discharging the forfeiture of the undertaking* . . . shall be made *without notice by the bail* to the district attorney, prosecuting attorney, or county counsel . . . who may request a hearing within 10 days after receipt of the notice. . . ." (Stats. 1990, ch. 1073, § 2, italics added.)

Under this version of the statute, where the ground for exoneration of the bail is that the absconding defendant has afterward appeared in court, the

surety or bond agent must apply by motion for an order exonerating the bail. (*People* v. *American Bankers Ins. Co.* (1991) 233 Cal.App.3d 561 [284 Cal.Rptr. 617]; *County of Los Angeles* v. *American Bankers Ins. Co.* (1988) 202 Cal.App.3d 1291 [249 Cal.Rptr. 540].) The provision was open to the interpretation that if the bail has been declared forfeited before the defendant is returned to custody, the surety was required to move for an order discharging the forfeiture upon notice and a hearing, and that the 180-day period in which to do so is jurisdictional. "Since the 180-day period prescribed by section 1305 is jurisdictional, a court is powerless to vacate a forfeiture unless a motion for relief from forfeiture is made within that time frame." (*People* v. *American Bankers Ins. Co.* (1991) 227 Cal.App.3d 1289, 1297 [278 Cal.Rptr. 314].)

Ranger points out, however, that effective January 1, 1994, during the pendency of this appeal, Penal Code section 1305, subdivision (c), was amended to provide: "If the defendant appears in court within 180 days of the date of forfeiture or within 180 days of the date of mailing of the notice if notice is required under subdivision (b), the court *shall, on its own motion, direct the order of forfeiture to be vacated and the bond exonerated. . . .* [¶] Additionally, if the defendant is surrendered to custody or to the court by the bail within the 180-day period, the court *shall, on its own motion, direct the order of forfeiture to be vacated and the bond exonerated. . . .*" (Italics added.)

Ranger contends, and the county counsel concedes, that the statutory change means that exoneration of the bail is automatic upon the surrender of a defendant, without the need of moving to set aside the forfeiture. In fact, the county counsel acknowledges that the statute as it now reads "clearly imposes a duty on the court to, on its own motion, exonerate any bail previously forfeited, when a defendant subsequently appears within [180] days."

Ranger further argues, and again the county counsel agrees, pursuant to *People* v. *Durbin* (1966) 64 Cal.2d 474 [50 Cal.Rptr. 657, 413 P.2d 433], that a bail bond surety is entitled to the benefit of a statutory change in a case that is not yet final. County counsel argues in addition, however, that the bail bond surety is entitled to the benefit of the statutory change only if the state does not have a vested interest in the forfeiture, but that its interest *is* vested because Ranger paid the judgment rather than filing an appeal bond, and the governmental entities have already received and disbursed the forfeiture money.

We emphasize that the law does not favor a forfeiture. Moreover, although the usual rule of construction is that, absent a contrary intent, statutes are to

operate prospectively and not retroactively, ". . . the repeal of a civil penalty or forfeiture running either to an individual or the state, *at any time before final judgment*, extinguishes the right to recover the penalty." (*People* v. *Durbin, supra,* 64 Cal.2d 474, 478.)

█ "The test to be applied in determining the effect to be given the repeal of penalty and forfeiture statutes is whether the rights affected are vested or inchoate. No person has a vested right in an unenforced statutory penalty or forfeiture." (*People* v. *Durbin, supra,* 64 Cal.2d 474, 478-479.) █ The county counsel appears to argue that its right to the forfeiture was "vested" rather than "inchoate" because it had been "enforced"—that is, a forfeiture proceeding had taken place below.

We believe that the county counsel misreads the import of *Durbin.* In the absence of a savings clause, a party's rights and remedies under the penalty or forfeiture statute may be enforced after repeal only where such rights have vested before repeal (*People* v. *One 1953 Buick* (1962) 57 Cal.2d 358, 365-366 [19 Cal.Rptr. 488, 369 P.2d 16]), but "[a] statutory remedy does not vest *until final judgment*" (*South Coast Regional Com.* v. *Gordon* (1978) 84 Cal.App.3d 612, 619 [148 Cal.Rptr. 775], italics added); a judgment does not become final so long as the action in which it is entered remains pending (*Pacific Gas & Elec. Co.* v. *Nakano* (1939) 12 Cal.2d 711, 714 [87 P.2d 700, 121 A.L.R. 417]) and an action remains pending until final determination on appeal (*ibid*). It thus becomes plain that the *Durbin* court's reference to "vested" rights under a repealed penalty statute was to a case which had become final.

Indeed, the *Durbin* court gave a second reason for holding that amendments to a bail forfeiture statute "are retroactive to cases which were not yet final at the time of passage." That is, the Legislature, by reducing the penalty, had made a determination that the former penalty was too harsh, and the new lighter penalty must apply to all pending cases, "because to hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted." (*People* v. *Durbin, supra,* 64 Cal.2d 474, 479.) "What was . . . said with regard to an amendatory statute lessening criminal punishment equally applies to the reduction or elimination of civil penalties or forfeitures. [¶] It follows that whether the forfeiture of bail is considered a civil penalty or as akin to criminal punishment, the amendment taking from the trial court the discretion to declare forfeitures in [some cases] must be applied *to all cases not final at the time the amendment became effective.*" (*Ibid.,* italics added.)

Here, as in *Durbin,* Ranger is entitled to the benefit of the statutory change ameliorating the forfeiture provisions.

County counsel's reliance on *Spears* v. *County of Modoc* (1894) 101 Cal. 303 [35 P. 869], is misplaced. As the *Spears* court makes clear, "[u]ntil the determination of the appeal, the proceeding is pending in court, and the judgment does not become final until affirmed by the appellate court." (*Id.* at pp. 305-306.) The new provision applies. Because the amendment provides —as county counsel concedes—that the exoneration of bond must now be done automatically upon the court's own motion upon the surrender of a defendant, without the necessity of moving to set aside the forfeiture, the judgment below must be reversed. We therefore have no occasion to address Ranger's additional contentions.

## DISPOSITION

The judgment is reversed.

Hollenhorst, J., concurred. McKinster, J., concurred in the disposition only.