Filed 1/21/21  P. v. Hayter CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>CLIFFORD HAYTER,<br><br>        Defendant and Appellant. | A159002<br>(San Francisco City & County<br> Super. Ct. No. SCN180847) |

**MEMORANDUM OPINION[1]**

Defendant was convicted of several felony offenses arising out of the burglary of a commercial premises, including first degree murder (Pen. Code, § 187[2]), with a special circumstance finding the murder was committed during the course of a burglary (§ 190.2, subd. (a)(17)).  We affirmed the convictions and also rejected a challenge to defendant's sentence of life without possibility of parole (LWOP) as violative of the Eighth Amendment's

---

[1]  This appeal is appropriately resolved by memorandum opinion in accordance with California Standards of Judicial Administration, section 8.1.

[2]  All further references are to the Penal Code unless otherwise indicated.

1

prohibition of cruel and unusual punishment. (*People v. Hayter* (Oct. 28, 2005, No. A106266) 2005 WL 2840650, *1 (*Hayter*).[3])

Following the enactment of section 1170.95, defendant filed a petition for resentencing, and the trial court appointed counsel. The prosecution filed written opposition to the petition, and defendant filed a reply. Following a hearing, the court ruled defendant failed to make a prima facie showing of entitlement to resentencing and denied the petition.

On appeal defendant challenges the denial of his resentencing petition and also challenges his LWOP sentence on Eighth Amendment grounds. We affirm.

### Resentencing Petition

As the record of conviction (which includes our prior opinion in defendant's merits appeal) establishes, defendant was the sole perpetrator of the commercial burglary and was the killer.[4] (*Hayter, supra,* 2005 WL 2840650 at *1-2.)

Indeed, one of the principal issues in defendant's merits appeal was whether his "felony murder" conviction was supported by substantial evidence and, specifically, whether there was substantial evidence his threatening the victim (who had surprised him) and causing her to fall down a flight of stairs, also caused her subsequent death from cardiac arrest. (*Hayter, supra,* 2005 WL 2840650, at *7-8.) Defendant claimed he had had no

---

[3] We take judicial notice of our prior opinion. (Evid. Code, §§ 452, subd. (d), 459.)

[4] The vast majority of appellate courts have concluded, as have we, that in determining whether a defendant has made a prima facie showing of entitlement to resentencing, the courts may consider the record of conviction, which includes any prior appellate court opinions. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 676-677 (*Daniel*); see *People v. Garcia* (2020) 57 Cal.App.5th 100, 111 [canvassing cases so holding].)

2

intent to kill and the victim's death was attributable to her own poor physical health, including obesity and impaired cardiac condition. (*Id.,* at \*2-3, 4-5.)

We concluded there was substantial evidence defendant's conduct while fleeing the premises was a contributing cause of the victim's death[5]:

> "As we have observed, the law does not require a strict causal relationship between the felony and the murder, provided the killing and the felony are 'parts of a continuous transaction.' (*People v. Tapia* (1994) 25 Cal.App.4th 984, 1024.) And, the expert opinion testimony furnished substantial, although not undisputed, evidence that defendant's acts were the legal cause of the victim's death. 'In determining whether a defendant's acts were the proximate cause of the death of a human being, we ask whether the evidence sufficed to permit the jury to conclude that the death was the natural and probable consequence of defendant's act.' (*People v. Taylor* [(2004)] 119 Cal.App.4th 628, 640.) In criminal prosecutions, the contributing negligence or preexisting precarious condition of the victim does not relieve the criminal actor of liability, unless the victim's conduct or condition was the sole or superseding cause of the death. (*People v. Autry* (1995) 37 Cal.App.4th 351, 360; *People v. Pike* (1988) 197 Cal.App.3d 732, 748; *People v. Armitage* (1987) 194 Cal.App.3d 405, 420.)
>
> "Thus, in the present case the victim's vulnerable condition due to heart disease does not relieve defendant of responsibility for his own acts. (*People v. Taylor, supra,* 119 Cal.App.4th 628, 640.) 'The defendant is liable for a crime irrespective of other concurrent causes contributing to the harm (1 Witkin & Epstein, Cal.Criminal Law (2d ed. 1988) Elements of Crime, § 128, pp. 146-147), and particularly when the contributing factor was a preexisting condition of the victim. A robber, for example, is guilty of felony murder if his victim is an obese person who dies of a heart attack within 20 minutes of a robbery. (E.g., *People v. Stamp* (1969) 2 Cal.App.3d 203, 210. . . .) It is irrelevant that a normally healthy individual might not have suffered such a reaction

---

[5] As the Attorney General points out, the jury was instructed that to convict defendant of murder, " 'there must be, in addition to the death of a human being, an unlawful act which was the cause of the death.' " (Italics omitted.)

as long as the victim's preexisting condition is not the only cause of the ultimate harm.' (*People v. Wattier* (1996) 51 Cal.App.4th 948, 953. . . .) 'As the courts have made clear, a defendant whose infliction of physical injury upon another is a cause of that person's death is guilty of unlawful homicide even if the injury was not the only cause of death, and even if the victim was in a weakened state due to a preexisting condition.' (*People v. Taylor, supra,* at p. 641.)" (*Hayter, supra,* 2005 WL 2840650, at *7.)

In the instant appeal, defendant claims he is entitled to relitigate the issue of proximate causation in a section 1170.95 evidentiary hearing, since he "alleged" in his petition that he was convicted of "felony-murder."

However, the vast majority of appellate courts, including this court, have concluded a section 1170.95 petition is not a means by which a defendant can relitigate issues already decided in a prior appeal. (*Daniel, supra,* 57 Cal.App.5th at p. 676; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138–1139, review granted Mar. 18, 2020, S260598 [determination in merits appeal that jury found defendant guilty beyond a reasonable doubt on theory he directly aided and abetted the perpetrator of the murder, conclusively established defendant could not make prima facie showing of entitlement to resentencing].)

Defendant also claims he is entitled to an evidentiary hearing because his "felony-murder" conviction did not depend on his having *intended* to kill the victim. In other words, defendant maintains only "actual killers" who intended to kill are foreclosed from resentencing relief. The relevant statutory language, however, includes no such distinction between killers.

"Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant

4

of the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice and by amending section 189 to state that a person can only be liable for felony murder if (1) the 'person was the actual killer'; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the 'person was a major participant in the underling felony and acted with reckless indifference to human life.' (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2, 3.)" (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 57, review granted Mar. 18, 2020, S260410; *People v. Munoz* (2019) 39 Cal.App.5th 738, 749-750, review granted Nov. 26, 2019, S258234 ["Senate Bill 1437 thus ensures that murder liability is not imposed on a person who did not act with implied or express malice," or—when the felony-murder doctrine is at issue—"was not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."]; see *In re White* (2019) 34 Cal.App.5th 933, 937, fn. 2 ["amendments to sections 188 and 189 together change the felony murder rules and the 'natural and probable consequences theory' when convicting a participant in a felony for murder, but who did not actually kill the victim"].)

Thus, as the Attorney General points out, the appellate courts have uniformly concluded postconviction relief under section 1170.95 is not available to "actual killers." (E.g., *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899, review granted Aug. 12, 2020, S263218 [defendant was sole perpetrator and "actual killer"]; *People v. Edwards* (2020) 48 Cal.App.5th 666, 674, review granted Jul. 8, 2020, S262481 [defendant, "as the actual

killer, was convicted under a valid theory of murder that survived the changes in sections 188 and 189"].) We reach the same conclusion here.

At oral argument, defense counsel advanced the claim that the jury had been instructed only on "causation," and not on "proximate causation," and therefore it could not be said defendant was the "actual killer." Counsel conceded no claim of instructional error had been made in the merits appeal. Counsel also acknowledged any claim of ineffective assistance of counsel (IAC) for failure to request such an instruction in the trial court or to raise the issue on direct appeal could be advanced in a petition for habeas corpus. Counsel maintained, however, the fact such an IAC claim can be raised by way of a habeas petition does not mean section 1170.95 does not also afford a remedy for such claim. Counsel cited no authority supporting this assertion, nor are we aware of any such authority.

In support of her claim of inadequate instruction, counsel cited to cases such as *People v. Bernhardt* (1963) 222 Cal.App.2d 567 and *People v. Stamp* (1969) 2 Cal.App.3d 203. In *Bernhardt,* the appellate court held a trial court has a sua sponte duty to instruct on proximate causation where causation is an issue. The " 'state must do more than establish mere coincidence between such an act and the fact of death. It must establish the "causal connection" between the violation and the loss of life.' (Perkins, Criminal Law (1957) p. 59.)" (*Bernhardt,* at p. 591.) However, in *Stamp,* the court explained, "[s]o long as a victim's predisposing physical condition, regardless of its cause, is not the only substantial factor bringing about his death, that condition, and the robber's ignorance of it, in no way destroys the robber's criminal responsibility for the death." (*Stamp,* at pp. 209-210, italics omitted.)

What counsel fails to appreciate is that in the merits appeal, we specifically addressed whether "defendant's acts were the *legal* cause of the

6

victim's death," (italics added) and specifically whether there was substantial evidence that defendant's " 'acts were the *proximate cause* of the death' " of the victim. (*Hayter, supra,* 2005 WL 2840650, at *7, italics added.) Indeed, as the excerpt of our opinion quoted above shows, we cited to the body of case law to which defense counsel referred, including citing *Stamp*.

Furthermore, contrary to what counsel implied at argument, the law does not require instructions to speak specifically in terms of "proximate causation." For example, the current CALCRIM instruction, entitled "620 Causation: Special Issues," states in pertinent part: "There may be more than one cause of death. An act causes death only if it is a substantial factor in causing the death. A *substantial factor* is more than a trivial or remote factor. However, it does not need to be the only factor that causes death." As our opinion in the merits appeal recites, there was expert medical testimony presented by the People that defendant's conduct was more than a trivial or remote factor in the victim's death. (*Hayter, supra,* 2005 WL 2840650, at *2, 7-8.)

Finally, near the end of argument, counsel seemed to change her position. Instead of claiming instructional error and IAC, she now appeared to claim there was no error at the time of conviction because the law on causation had "changed," and thus under the "current" law on causation, defendant could not be found to be the "killer" and, in turn, could not be convicted of felony-murder. If this is, indeed, what counsel was advocating, she is patently incorrect. The universe of cases expounding on causation, such as *Bernhardt* and *Stamp*, were decided decades before defendant committed his ill-fated commercial burglary in 1999.

In short, defendant must look to his habeas remedy for relief based on any supposed deficiencies in the instructions, and he cannot employ a petition for resentencing under section 1170.95 for that purpose.

### *Defendant's Prison Sentence*

Defendant makes two, related, arguments as to the constitutionality of his prison sentence. The first, based on "dicta in [*People v.*] *Pock*" (1993) 19 Cal.App.4th 1263, concerning *Tison v. Arizona* (1987) 481 U.S. 137, attempts to bolster his claim that resentencing should be foreclosed only as to those "actual killers" who have killed with "intent" or with "reckless indifference" to human life, which defendant maintains was not the case here. The second is a straight-up Eighth Amendment claim that an LWOP sentence for an "accidental" killing, as defendant claims the killing was here, is unconstitutional.

However, as we have observed, defendant challenged his LWOP sentence on direct appeal on Eighth Amendment grounds, claiming "he did not 'touch' or 'threaten' the victim, and her death from a preexisting medical condition was 'entirely unintentional.' " (*Hayter, supra,* 2005 WL 2840650 at *8.) We addressed this issue at length, concluding that while defendant "received harsh punishment for an unintentional homicide, upon consideration of the totality of circumstances related to the offense and defendant's nature as an offender we are unwilling to find the life sentence so disproportionate to the crime or his personal culpability that it shocks the conscience and offends fundamental notions of human dignity." (*Id.,* *13.) We therefore concluded defendant's sentence did "not amount to unconstitutionally cruel or unusual punishment." (*Ibid.*)

As we have explained, *ante* at pages 6-7, we, along with the vast majority of appellate courts, have concluded a section 1170.95 petition is not

a means by which a defendant can relitigate issues already decided in a prior appeal. This is an application of the law of the case doctrine. Under this doctrine, " '[W]here an appellate court states a rule of law necessary to its decision, such rule " 'must be adhered to' " in any " 'subsequent appeal' " in the same case, even where the former decision appears to be " 'erroneous' " ' [Citations.] Thus, the law-of-the-case doctrine 'prevents the parties from seeking appellate reconsideration of an already decided issue in the same case absent some significant change in circumstances.' " (*People v. Boyer* (2006) 38 Cal.4th 412, 441, superseded by statute on another ground.) " 'A court is not absolutely precluded by the law of the case from reconsidering questions decided upon a former appeal.' " (*In re Saldana* (1997) 57 Cal.App.4th 620, 625.) However, "[i]n the absence of exceptional circumstances of hardship and injustice the need for attributing finality to considered judicial determinations compels adherence to the previous decision." (*People v. Durbin* (1966) 64 Cal.2d 474, 477; accord, *People v. Whitt* (1990) 51 Cal.3d 620, 638.)

Here, in defendant's merits appeal, this court ruled his LWOP sentence did not constitute cruel and unusual punishment in violation of the Eighth Amendment. This holding was a " ' "principle or rule of law necessary to the decision" ' " (*People v. Stanley* (1995) 10 Cal.4th 764, 786), and therefore the law of the case doctrine precludes defendant from relitigating this same issue unless grounds exist for ignoring the doctrine. We do not find that such grounds exist here. Although Senate Bill No. 1437 (2017-2018 Reg. Sess.) is an intervening change in the law, it is not a change in Eighth Amendment law and does not affect the outcome of defendant's earlier appeal.

## DISPOSITION

The order denying defendant's resentencing petition under section 1170.95 is AFFIRMED.

 

_____

Banke, J.

We concur:

_____

Margulies, Acting P.J.

_____

Sanchez, J.

A159002, People v. Hayter

11